UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

| | |
|---|---|
| NORBERTO LOPEZ, | **COMPLAINT** |
| Plaintiff, | |
| | Index No. |
| -against- | |
| | <u>Jury Trial Demanded</u> |
| CITY OF NEW YORK, WALIUR RAHMAN, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown), | |
| Defendants, | |

-------------------------------------------------------------------------------X

Plaintiff NORBERTO LOPEZ, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## **VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff NORBERTO LOPEZ is a fifty-three-year-old man residing in the Queens, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants WALIUR RAHMAN and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On June 9, 2023, beginning at approximately 11:50 a.m., in front of his home located at 130-35 126th Street, Ozone Park, New York, plaintiff was falsely arrested and unlawfully imprisoned by defendant NYPD officers based on a flawed and otherwise unreasonable investigation by defendant WALIUR RAHMAN.

13. Defendants, including defendant RAHMAN, arrested plaintiff for purportedly violating an order of protection held by an upstairs neighbor based on allegations that plaintiff had been observed in his basement apartment and in front of the residence.

14. Defendants, including RAHMAN, lacked probable cause to arrest plaintiff for said charge because plaintiff presented proof to the defendant officers who took him into custody and to defendant RAHMAN that the order of protection held by the upstairs neighbor permitted plaintiff to continue to reside in his home as well as incidental contact, thus his mere presence at or near his home was not in violation of the limited order of protection that had been issued.

15. Notwithstanding that defendants lacked probable cause to arrest plaintiff, he was handcuffed, imprisoned in a police vehicle, and transported to the NYPD's 106th Police Precinct, where he was held until his arraignment in Queens County Criminal Court on June 10, 2023, under Queens County Docket Number CR-016688-23QN.

16. Defendant RAHMAN initiated the aforementioned prosecution with malice and without probable cause.

17. Plaintiff was thereafter released from custody at approximately 3:00 to 4:00 p.m., but was compelled to return to court on June 26, 2023 due to the aforementioned false

allegations and misconduct of defendants, and was otherwise deprived of his liberty.

18. On June 26, 2023, the charges against him were rightfully dismissed and sealed.

19. Defendant RAHMAN created and manufactured false evidence against plaintiff and conveyed said evidence to the Queens District Attorney's Office causing said evidence to be used against plaintiff in the aforementioned legal proceeding.

20. Specifically, defendant RAHMAN swore in the criminal court complaint that plaintiff had violated an order of protection despite having been shown evidence that plaintiff's presence at his home was plainly not in violation of the order of protection.

21. Defendants JOHN and JANE DOE 1 through 10 either supervised, participated in, and/or failed to intervene in the above-described acts of misconduct.

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees. Specifically the City of New York has failed to train its police officers in the proper methods of investigation and the probable cause required to make an arrest.

23. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: proper methods of investigation, the probable cause necessary to make an arrest, and engage in a practice of falsification.

24. For instance, in another civil rights action filed in this court involving false

allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

25. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

26. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff NORBERTO LOPEZ of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. As a result of the foregoing, plaintiff NORBERTO LOPEZ sustained, *inter alia*, emotional distress, exclusion from his home and other damages, and deprivation of his liberty and his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants arrested plaintiff NORBERTO LOPEZ without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35. Defendants caused plaintiff NORBERTO LOPEZ to be falsely arrested and unlawfully imprisoned.

36. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants created false evidence against plaintiff NORBERTO LOPEZ.

39. Defendants utilized this false evidence against plaintiff NORBERTO LOPEZ in legal proceedings.

40. As a result of defendants' creation and use of false evidence, plaintiff NORBERTO LOPEZ suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

41. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants initiated, commenced and continued a malicious prosecution against plaintiff NORBERTO LOPEZ.

44. Defendants caused plaintiff NORBERTO LOPEZ to be prosecuted without any

probable cause until the charges were dismissed on or about June 26, 2023.

45. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants had an affirmative duty to intervene on behalf of plaintiff NORBERTO LOPEZ, whose constitutional rights were being violated in their presence by other officers.

48. The defendants failed to intervene to prevent the unlawful conduct described herein.

49. As a result of the foregoing, plaintiff NORBERTO LOPEZ's liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to handcuffing, and he was humiliated and compelled to appear in criminal court.

50. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The supervisory defendants personally caused plaintiff's constitutional injury by being participating in and ratifying plaintiff's false arrest and malicious prosecution, and deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff NORBERTO LOPEZ's rights as described herein. In addition, the New

York City Police Department has failed to properly train its employees with regard to proper investigatory methods and the probable cause required to make an arrest, and are also aware that many officers engage in falsification in support of improper arrests. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff NORBERTO LOPEZ.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff NORBERTO LOPEZ as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff NORBERTO LOPEZ as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff NORBERTO LOPEZ was unlawfully arrested and maliciously prosecuted.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff NORBERTO LOPEZ' constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff NORBERTO LOPEZ of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from the failure to intervene;

    C.    To receive his right to fair trial; and

    D.    To be free from malicious prosecution.

63. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Within ninety (90) days after the claims herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, Notices of Claim setting forth all facts and information required under the General Municipal Law 50-e.

66. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

68. Plaintiff has complied with all conditions precedent to maintaining the instant

action.

69. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(<u>False Arrest under the laws of the State of New York</u>)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. The defendant officers arrested plaintiff NORBERTO LOPEZ without probable cause.

72. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

73. As a result of the aforementioned conduct, plaintiff NORBERTO LOPEZ was unlawfully imprisoned in violation of the laws of the State of New York.

74. As a result of the aforementioned conduct, plaintiff NORBERTO LOPEZ suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

75. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

76. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(<u>Assault under the laws of the State of New York</u>)

77. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. As a result of the foregoing, plaintiff NORBERTO LOPEZ was placed in apprehension of imminent harmful and offensive bodily contact.

79. As a result of defendant officers' conduct, plaintiff NORBERTO LOPEZ has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

81. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(<u>Battery under the laws of the State of New York</u>)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendant officers made offensive contact with plaintiff NORBERTO LOPEZ without privilege or consent.

84. As a result of the defendant officers' conduct, plaintiff NORBERTO LOPEZ has suffered physical pain and mental anguish, together with shock, fright, apprehension,

embarrassment, and humiliation.

85. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

86. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendant officers initiated, commenced and continued a malicious prosecution against plaintiff NORBERTO LOPEZ.

89. Defendant officers caused plaintiff NORBERTO LOPEZ to be prosecuted without probable cause until the charges were dismissed on or about June 26, 2023.

90. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

91. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff NORBERTO LOPEZ.

94. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

95. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff NORBERTO LOPEZ.

98. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101. Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior.*

102. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Violation of N.Y.C. Administrative Code §§ 8-801 through 8-807)

103. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Plaintiff NORBERTO LOPEZ's rights were violated by the defendants under New York City Administrative Code § 8-801 through 8-807.

105. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

106. Qualified immunity is no defense to this claim.

107. As a result of the foregoing, plaintiff NORBERTO LOPEZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff NORBERTO LOPEZ demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September 7, 2024

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for Plaintiff NORBERTO LOPEZ
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By: *Brett Klein*
>BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

NORBERTO LOPEZ,

                                  Plaintiff,                Docket No.

      -against-

CITY OF NEW YORK, WALIUR RAHMAN, Individually,
and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                Defendants.

--------------------------------------------------------------------------------X


# COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132