UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NORBERTO LOPEZ,                                                 :
                                                               :
                                    Plaintiff,                 :       **SUMMARY ORDER**
                                                               :       24-cv-6281 (DLI)(LKE)
                    -against-                                   :
                                                               :
CITY OF NEW YORK, WALIUR RAHMAN,                               :
Individually, and JOHN and JANE DOE                            :
1 through 10, Individually (the names John and                 :
Jane Doe being fictitious, as the true names are               :
Presently unknown),                                            :
                                                               :
                                    Defendants.                :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On September 7, 2024, Norberto Lopez ("Plaintiff") filed a complaint ("Complaint") against the City of New York, Waliur Rahman ("Officer Rahman"), and other unknown individuals (collectively, "Defendants") alleging fourteen civil rights violation claims under 42 U.S.C. §§ 1983 and 1988. Complaint, Dkt. Entry No. 1 ("Compl."). Defendants filed a motion to dismiss for failure to state a claim on May 12, 2025. Mot. to Dismiss, Dkt. Entry No. 14. The Court granted in part and denied in part the motion to dismiss on October 17, 2025, dismissing Plaintiff's § 1983 right to fair trial claim. *See*, Opinion & Order ("Opinion"), Dkt. Entry No. 20. The Court also provided Plaintiff the opportunity to amend the Complaint within thirty days of the order. *Id.* On November 17, 2025, Plaintiff timely filed a motion for leave to amend the complaint. *See*, Mot. for Leave to Amend, Dkt. Entry No. 21 ("Mot."). Defendants did not oppose. The case has since been reassigned to this Court from the Honorable Allyne R. Ross, U.S. District Judge (Ret.) of this District.

Plaintiff sought to: (1) "amplify[y] [Plaintiff's] claimed facts with respect to his denial of fair trial claim" and; (2) remove claims for supervisory and *Monell* liability (*i.e.*, "municipal

liability"). Mot. at 2. For the fair trial claim, Plaintiff alleges more specifically that Officer Rahman "created and manufactured false evidence" and "withheld exculpatory information." *See*, Amended Complaint ("Am. Compl."), ¶¶17–18, Dkt. Entry No. 21–2. The Amended Complaint newly asserts the following factual background material to the fair trial claim:

> Defendant RAHMAN created and manufactured false evidence against plaintiff, by conveying to the Queens District Attorney's Office that plaintiff's presence in the basement apartment where plaintiff lived, and his presence in front and near the fenceline of the building where plaintiff lived violated an order of protection held by plaintiff's upstairs neighbor, and caused this evidence to be used against plaintiff in the aforementioned legal proceeding, despite possessing exculpatory information that called these allegations into question.

Am. Compl., ¶ 17. Plaintiff asserts that these additions "more clearly allege[]… [Officer] Rahman… provided a false narrative." Mot. at 4 (internal quotation omitted). Furthermore, Plaintiff also removed supervisory and *Monell* liability claims, which previously were dismissed by the Court. *See*, Opinion. For the following reasons, Plaintiff's motion for leave to amend is granted.

## DISCUSSION

### I.     Legal Standard

When considering a motion for leave to amend, a district court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The Second Circuit has held that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted). However, a district court has discretion to deny leave to amend for futility, bad faith, undue delay, or undue prejudice to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182 (1962). Motions to amend should be "liberally granted absent a good reason to the contrary." *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995). When a motion for leave to amend a complaint is unopposed, the motion may be granted on that basis. *Sosa v. Bentis Fresh Bread Inc.*,

2

2021 WL 4267528, at *2 (S.D.N.Y. Sept. 20, 2021) (collecting cases). It is within the "sound discretion of the district court to grant or deny leave to amend." *Pierre v. Cnty. of Nassau*, 2022 WL 2872651, at *4 (E.D.N.Y. July 21, 2022).

## II.    Analysis

There is no evidence in the record to suggest that there is "bad faith, undue delay, or undue prejudice to the opposing party." *Foman,* 371 U.S. at 182. First, the Court expressly permitted Plaintiff the opportunity to amend his complaint. *See*, Opinion. Plaintiff timely filed his motion along with a memorandum in support of the amendments. *See*, Mot. This supports the Court's finding that there is no bad faith or dilatory intention on the Plaintiff's part. Second, Defendants did not oppose Plaintiff's motion, which by itself is grounds to grant leave. *See, Sosa,* 2021 WL 4267528 at *2 (collecting cases). At the very least, Defendant's lack of opposition supports the Court's presumption that granting Plaintiff's leave to amend will not lead to undue delay or undue prejudice to the Defendants.

The Court also finds no reason to deny the motion as futile because Defendants have not opposed the motion. A party opposing amendment the Complaint has the burden of establishing that amendment would be prejudicial or futile. *Jipeng Du v. Wan Sang Chow,* 2019 WL 3767536, at *4 (E.D.N.Y. 2019). Courts in this circuit have granted unopposed motions for leave to amend when the proposed amendments are not "so plainly futile." *Menzel v. Roadget Business Pte. Ltd.*, 2024 WL 4827403, at *1 (S.D.N.Y. November 19, 2024). Defendants neither have opposed the motion nor shown that the amendment would be futile. The Court further finds the amended allegations are not plainly futile. Plaintiff offers more specific factual allegations to the fabricated evidence claim and allegations that Officer Rahman withheld exculpatory evidence in violation of his constitutional rights. Given the Court's broad discretion to grant or deny leave to amend, it is satisfied with the amended allegations in the current posture.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for leave to amend is granted.  Plaintiff shall file his proposed Amended Complaint BY NO LATER THAN JUNE 8, 2026.  Plaintiff is not granted leave to make any changes not currently included in his proposed Amended Complaint without first seeking leave of the Court as required by the Federal Rules of Civil Procedure.


SO ORDERED.

Dated: Brooklyn, New York
       May 6, 2026

/s/
DORA L.  IRIZARRY
United States District Judge
